AMERICAN SAMOA GOVERNMENT

v.

MICHAEL AGASIVA, Defendant

High Court of American Samoa
Trial Division

CR No. 5-87

May 7, 1987

Before KRUSE, Associate Justice

Counsel: For the Government, Tauivi Tuinei,
Assistant Attorney General
For Defendant, William Reardon

On Motion in Limine:

This matter came on for hearing upon defendant's motion to disqualify for cause all those prospective jurors who are unable to read, speak, and understand the English language. The motion in essence seeks to challenge a significant sector of the community otherwise eligible to serve as jurors under A.S.C.A. § 46.1504. This enactment's effect also qualifies as jurors those persons who are able to read, speak and understand the Samoan language although neither literate nor conversant in English. It is this sector of the community which defendant seeks to disqualify .

Defendant argues that his constitutional right to the effective representation of counsel, as secured by the territorial and federal constitutions, would be denied him if he were tried before a non-English speaking jury. He contends that, "A defendant in a criminal case has a right to have his case heard by jurors who understand his lawyer, the witnesses, and the judge without the necessity of an interpreter".

Central to plaintiff's claim against the status quo is the fact that the judge's instructions on legal matters will have to be interpreted to a non-English speaking jury. The concern raised is that certain legal concepts--- the varying degrees of homicide, reasonable doubt, and the presumption of innocence --- do not lend themselves to adequate translation into Samoan terminology.

The first observation is that legal notions of the type referenced by defendant are of themselves difficult to formulate in layman terms even with the English language. Secondly, the Court is unable to accept as a self evident truth that English labels are more adequate than Samoan labels to convey such legal concepts in layman terms. Without some showing, the Court is not able to declare unconstitutional an enactment by the Fono, which obviously came about with cognizance of the bilingual situation in the Territory, upon the mere recitation of disagreement with the system.

Even if defendant's assumptions may be conceded, his argument is not tenable. It places emphasis, in the name of due process, upon reception by the jury of purely legal matters--- instructions by the judge --- but the effect of that is to necessarily undermine the crucial role of the jury to find the facts. Experience tells us that in the great majority of the cases, the jury receives the testimony from Samoan speaking witnesses. Therefore, with an English speaking jury, interpretation of such testimony from Samoan into English is unavoidable. The corollary of defendant's argument is the same perceived evil that gives rise to his complaint, that is, interpretation.

Further, the fact finder's role in sorting out the truth must be more meaningful when a witness speaking and thinking in Samoan is addressing a juror speaking and thinking in the same language. This is significantly the case when it comes to

those factors which lend themselves only to the intuitive process, such as demeanor, deportment and intonation.

Also, effective representation of counsel, would involve effective cross-examination of a witness. In the case of the Samoan speaking witness, the desired result of effective cross-examination must, on defendant's hypothesis, deteriorate after the interpretation of the witnesses' response to a non-Samoan speaking jury.

The question naturally follows where the system should place prominence: receipt of facts by the jury, or receipt of the law by the jury? The conclusion is that myopic pre-occupation with one aspect of the system serves no good purpose if to displace or compromise other aspects of equal importance.

Finally, and perhaps most fundamental, it is randomness of selection from all cross-sections of the community which is at the root of jury systems. This is an integral feature with the system historically accepted as best enhancing "fairness".

Defendant's argument, however, necessarily canvasses a departure from randomness in favor of a tailor made and selective jury makeup, to fit a particular defendant. While the defendant has the undeniable right to trial by an impartial jury according to our notions of justice, he has never had the right to a trial by any particular jury. Our system is an adversary one, and "fairness" involves all parties, with neither having any vested right to a particular juror.

The motion is denied.